UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN R. ZEMATER JR., Plaintiff<br><br>v.<br><br>PUBLIC ACTION TO DELIVER SHELTER INC d/b/a HESED HOUSE, Defendant | No. 22 CV 6712<br><br>Judge Jeremy C. Daniel |

### ORDER

The plaintiff's motion for leave to file an amended response to the plaintiff's motion to dismiss [62] is granted. The defendant's motion to dismiss [48] is granted. Unless the plaintiff files, by September 4, 2024, an amended complaint that states at least one viable federal claim, the Court will enter judgment dismissing his claims with prejudice. The August 8, 2024, status hearing is stricken.

### STATEMENT

*Pro se* Plaintiff John R. Zemater Jr. brings this suit against Defendant Public Action to Deliver Shelter Inc. d/b/a Hesed House ("Hesed House"), alleging disability discrimination pursuant to Titles II and Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* (Counts I and II); section 504 of the Rehabilitation Act of 1973, *id.* § 794 (Count III); and the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1-101 *et seq.* (Count IV). (R. 46 "FAC").[1]

As this is a motion to dismiss, the following description of the factual basis underlying Zemater's claims is drawn from the well-pleaded allegations in the complaint, which are presumed true for the purpose of resolving the pending motion. *Vimich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

Hesed House is a non-profit organization that operates homeless shelters in Illinois. (FAC ¶ 4.) Zemater, a temporary resident of Hesed House, complains of its policy requiring residents to wake-up at 7:00 a.m. (*Id.* ¶ 7.) The only exception to this policy is for individuals with a valid doctor's note based on legitimate medical needs or for those with a confirmed overnight work shift. (*Id.* ¶ 9.) In such cases, Hesed House

---

[1] For ECF filings, the Court cites to the page number(s) set forth in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

permits individuals to sleep past 7:00 a.m. in the upstairs area of the Men's Shelter. (*Id.*) Zemater asserts that this policy discriminates against him because "he suspects that [he] has 'Delayed Sleep Phase Disorder' and has all of the symptom's (*sic*) of 'Delayed Sleep Phase Disorder' even though [he] has not seen a Doctor." (*Id.* ¶ 8.) He claims that Hesed House would face no hardship by allowing him to sleep-in past 7:00 a.m. in the upstairs area of the Men's Shelter, since it already allows others to do so. (*Id.*)

Hesed House has filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (R. 48.) To survive dismissal, Zemater's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *O'Brien v. Vill. of Lincolnshire*, 955 F.3d 616, 621–22 (7th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Triad Assocs. Inc. v. Chi. Housing Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). Where, as here, the plaintiff is *pro se*, the Court accords a liberal reading of the complaint. *See Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015) (citing *Haines v. Kerner,* 404 U.S. 519, 520 (1972) (per curiam)).

Counts I, III, and IV can be analyzed together. *See Tate v. Dart*, 51 F.4th 789, 793 (7th Cir. 2022) ("Illinois courts analyze IHRA claims under a framework that is practically indistinguishable from the ADA framework[.]"); *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015) (providing that "the Rehabilitation Act . . . is functionally identical" to the ADA except that a Rehabilitation Act claimant must also establish receipt of federal funds).[2] Title II of the ADA, the IHRA, and the Rehabilitation Act apply only to public entities, *i.e.*, "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1). Here, Counts I, III, and IV fail to state a claim because the complaint merely alleges Hesed House is a non-profit organization, and there are no allegations that Hesed House is an instrumentality of a state or local government that would qualify as a public entity for purposes of Title II of the ADA, the IHRA, and the Rehabilitation Act. (*See* FAC ¶ 4.) Count IV also fails because there is no allegation that Zemater exhausted his claim by presenting it to the Human Rights Commission. *See, e.g.*, *Talley v. Washington Inventory Serv.*, 37 F.3d 310, 312–13 (7th Cir. 1994) (holding that " the district court was required to dismiss the claim for failure to exhaust administrative remedies" because " judicial review is only available under the Act after the Human Rights Commission has issued a final order on a complaint").

---

[2] Jurisdiction over Counts I–III is proper under 28 U.S.C. § 1331. Jurisdiction over Count IV is proper under 28 U.S.C § 1367.

That leaves Count II. Unlike Title II of the ADA, Title III applies to "place[s] of public accommodation." 42 U.S.C. § 12182(a). "To prevail on a Title III disability discrimination claim, a plaintiff must show '(1) [he] is disabled within the meaning of the ADA; (2) defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) defendant discriminated against [him] by denying [him] the full and equal opportunity to enjoy the services defendant provides.'" *Morey v. McDonald's Corp.*, No. 18 C 1137, 2018 WL 11212379, at *3 (N.D. Ill. Nov. 26, 2018) (citation omitted). Zemater has failed to adequately plead facts plausibly establishing that he is disabled within the meaning of the ADA or that he was denied a "full and equal opportunity to enjoy the services defendant provides." *Id.*

First, the ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). Zemater does not allege any facts that would plausibly show any of these. Zemater only alleges that he "suspects" that he has Delayed Phase Disorder, because he "was always a night person in the past and is currently a night person," though he has never been diagnosed with any sleep disorder. (FAC ¶ 8.) Zemater's bare allegations about his belief that he has a sleep disorder do not establish he is disabled under the ADA because "[n]ot every medical affliction amounts to, or gives rise to, a substantial limitation on a major life activity." *Cassimy v. Bd. of Educ. of Rockford Public Schs., Dist. No. 205*, 461 F.3d 932, 936 (7th Cir. 2006). Fatally, there is no allegation about how Zemater's alleged disability impacted any major life activities, such as sleeping or working, (just two of the major life activities recognized by the ADA, 42 U.S.C. § 12102 § (2)(A)). Nor has Zemater offered allegations to support an inference that he has a record of or is regarded as having a sleep disorder. The allegations are therefore not sufficient to plausibly show that Zemater is an individual with a disability. He thus fails to adequately plead this essential element of his claim.

Second, the complaint fails to plausibly allege that Zemater was denied a full and equal opportunity to enjoy the services Hesed House provides. Rather, Zemater states that Hesed House provides sleep schedule accommodations for those who have a medical note or an overnight work shift. (FAC ¶ 9.) Indeed, Zemater's allegations demonstrate that these accommodations are not illusory as he was provided a sleep accommodation when he had scheduled overnight work shifts and for various medical reasons, including when he had recently received a COVID booster, had strep, and when he fainted. (*Id.* ¶¶ 9–10.) Zemater was only denied accommodation when he requested it for his Delayed Sleep Phase Disorder because the condition was not

supported by a doctor's note. (*Id.* ¶ 8.) On these facts, the plaintiff has failed to plausibly allege that he was denied the full and equal opportunity to enjoy Hesed House's services.

For these reasons, Hesed House's motion to dismiss is granted. It is so ordered.

Date: August 7, 2024

JEREMY C. DANIEL
United States District Judge