# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN R. ZEMATER JR., <br> Plaintiff <br><br> v. <br><br> PUBLIC ACTION TO DELIVER SHELTER INC d/b/a HESED HOUSE, <br> Defendant | No. 22 CV 6712 <br><br> Judge Jeremy C. Daniel |

## ORDER

The plaintiff's motions for preliminary injunction and sanctions [92, 100] are denied.

## STATEMENT

*Pro se* Plaintiff John R. Zemater Jr. filed suit against Defendant Public Action to Deliver Shelter Inc. d/b/a Hesed House ("Hesed House"), an operator of homeless shelters in Illinois, alleging disability discrimination. (R. 97.) Zemater's car has been parked in a Hesed House parking lot located at 659 South River Street in Aurora, Illinois ("South River Street lot") since October 2023. (R. 92 ¶ 1; R. 98 at 2; R. 98-1 ¶¶ 6, 11.) Zemater's car, which he uses to store his personal property, requires engine repairs, but he has been unable to save money for service; he has spent his money on hotel stays because "[t]he showers in the old men's area" of Hesed House "were disgusting and borderline gross." (R. 92 ¶¶ 3–4, 12; R. 98-1 ¶¶ 7.) In October 2024, Zemater received notice that, due to construction, all Hesed House residents were required to move any abandoned or inoperable vehicles from the South River Street lot. (R. 92 ¶¶ 2–3; R. 98 at 2–3; R. 98-1 ¶ 4.) After discussions with Hesed House staff, Zemater was granted until the first week of December 2024 to move his car. (R. 92 ¶ 5; R. 98-1 ¶ 5.) Zemater is currently receiving assistance for a "car donation and car repair solution" from his case manager and a Hesed House employee. (R. 92 ¶ 8.) Zemater alleges that Hesed House is discriminating against him and retaliating against him for filing this lawsuit. (*Id.* ¶ 9.) Zemater argues that "there is no pressing need" for his car to be removed from the South River Street lot because he plans to use his tax refund to fix the car in February 2025 "at the latest." (*Id.* ¶ 15.)

Zemater has filed a motion for a preliminary injunction and sanctions. (R. 92.) Where, as here, the plaintiff is *pro se*, the Court accords a liberal reading of the pleadings. *See Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015).

**Preliminary Injunction**

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A party seeking a preliminary injunction is required to demonstrate a likelihood of success on the merits, that it has no adequate remedy at law, and that it will suffer irreparable harm if the relief is not granted." *Promatek Indus., Ltd. v. Equitrac Corp.*, 300 F.3d 808, 811 (7th Cir. 2002). "Harm is irreparable if legal remedies are inadequate to cure it. Inadequate 'does not mean wholly ineffectual; rather, the remedy must be seriously deficient as compared to the harm suffered.'" *Life Spine, Inc. v. Aegis Spine, Inc.*, 8 F.4th 531, 545 (7th Cir. 2021) (citation omitted). "If the plaintiff fails to meet any of these threshold requirements, the court must deny the injunction." *Bentz v. Mears*, No. 19 C 00799, 2019 WL 3322223, at *1 (S.D. Ill. July 24, 2019) (citing *GEFT Outdoors, LLC v. City of Westfield*, 922 F.3d 357, 364 (7th Cir. 2019)). The decision whether to grant a preliminary injunction is afforded "great deference" and will be reversed "only when the district court commits a clear error of fact or law." *Promatek Indus., Ltd.*, 300 F.3d at 811.

Here, Zemater does not argue that his disability discrimination claim is likely to succeed on the merits or that he has no adequate remedy at law. (*See* R. 92.) Because it is Zemater's burden to make a clear showing of these elements, this is sufficient basis to deny a preliminary injunction. A preliminary injunction is also not warranted because Zemater fails to establish irreparable harm. Applying a liberal construction to Zemater's pleadings, he identifies the risk of his car being removed from the South River Street lot. (*Id.* ¶¶ 2–3.) But temporary denials of access to personal property do not constitute irreparable harm. *See, e.g.*, *Bentz*, 2019 WL 3322223, at *1 ("Plaintiff identifies no ongoing irreparable harm regarding denial of access to his personal property box before a disciplinary hearing."). And even if Zemater's personal property were destroyed, this injury could be remedied by damages. *Bentz v. Zieger*, No. 13 C 1280, 2015 WL 13740734, at *2 (S.D. Ill. Oct. 26, 2015) ("With respect to the destroyed or damaged property, Plaintiff has an adequate remedy at law because he can file a claim with the Illinois Court of Claims."). Zemater's personal opinion that there is no pressing need for his car's removal is not an injury that cannot be remedied by law. Accordingly, "[t]here is simply no showing of irreparable harm that would justify the drastic remedy of injunctive relief." *Id.* at *3.

**Sanctions**

Zemater also seeks sanctions. (R. 92.) "A district judge has broad discretion to sanction a party or his counsel for litigation misconduct." *Patrick v. City of Chicago*, 974 F.3d 824, 831 (7th Cir. 2020). Fatally, Zemater does not articulate why sanctions are warranted here. Moreover, even liberally construing Zemater's motion, the Court sees no basis for sanctions against Hesed House, which, according to Zemater, has

connected him with resources to assist with his car troubles and has afforded him an extension to comply with the notice of removal. (R. 92 ¶¶ 5, 8.)

For these reasons, Zemater's motion for sanctions and a preliminary injunction is denied. It is so ordered.

Date: December 19, 2024

JEREMY C. DANIEL
United States District Judge